words negativing the validity of a report made after the expiration of sixty days. The referee forfeits his fees by his neglect, but this is a penalty imposed only on him.

It is the right of either party to proceed as though no reference had been ordered. But in this case neither party availed himself of the right. Both waited till the report had been delivered, without attempting to proceed in the action.

There is no limitation imposed upon the power of the referee to make a valid report, although more than sixty days have elapsed, unless one of the parties has taken some step manifesting an intention to proceed as though no reference had been ordered. (People *a.* Allen, 6 *Wend.*, 487; Gale *a.* Mead, 2 *Den.*, 160, and other cases there cited; Thomas *a.* Clapp, 20 *Barb.*, 165.)

It is not a condition precedent to its validity that the report be made within sixty days. (People *a.* Holley, 20 *Wend.*, 481.)

The motion to set aside the report and the judgment is denied, but, as the question is novel, without costs.

The referee swears that the counsel for both parties consented that he might take his time to make his report. This answers, I think, the objection to the adjustment and allowance of the referee's fees.

---

## MATTER OF BRISTOL.

*Supreme Court, First District; General Term, September,* 1863.

### PARTY.—APPEAL.

Although a stranger to the action may have been allowed to apply to the court for relief against proceedings in such action, yet he has no right of appeal from an order denying his application.*

---

* Compare McKenzie *a.* Rhodes, 13 *Ante*, 337; Matter of Cavanagh, 14 *Ib.*, 258.

In SHERMAN'S APPEAL, in the Matter of the Parish Will Case (*Supreme Court, First District; General Term,* 1858), it was *Held* by the court (DAVIES, P. J.), that the parties to a proceeding for the probate of a will and codicils before the surrogate, who, if the will is established, will take nothing by the codicils, and whose

Appeal from an order denying the prayer of a petition to have injunction modified.

In an action brought by Gorham D. Abbot against the American Hard Rubber Co. and others, the plaintiff obtained an injunction, which, among other things, restrained the defendants Poppenhusen & König from paying notes to the amount of $27,000, which they had given to the company in payment of a transfer of property, effected, as it was claimed, in fraud of the rights of the plaintiff. The parties subsequently agreed upon an order settling the principles upon which final judgment should be rendered, but the actual judgment had not been given. William B. Bristol, a trustee in insolvency of the Rubber Co., appointed by the Probate Court of Bethany, Connecticut, under the laws of that State, without becoming a party to the action, applied for a modification of the injunction so as to allow these notes to be paid to him. His petition was denied (*Ante*, 184), and the petitioner appealed.

*Thomas G. Shearman*, for the respondent, claimed that the appeal should be dismissed. No one but a party to the action can appeal, even from an order denying his motion. (Martin *a.* Kanouse, 2 *Abbotts' Pr.*, 390.)

*William E. Curtis*, for the appellant.—In an equity suit like

interests are therefore unaffected, whether the decision of the surrogate in reference to the codicil is affirmed or rejected, may, nevertheless, appeal from the decision of the surrogate admitting the codicils to probate. "They are," said the court, "parties to the proceedings before the surrogate. They have been cited to appear before him, and have been there; and if the decision as to the will should not be sustained, they would have a direct interest in the property passing under this codicil.

"The provisions of the Revised Statutes, on the subject of appeal from the surrogate, are, that after any will of real or personal estate, or both, shall have been proved before a surrogate, any devisee or legatee named therein, or any heir or next of kin to the testator, may, within three months thereafter, appeal to the Supreme Court from the decision of the surrogate, either admitting such will to record, or probate, or refusing the same. (2 *Rev. Stat.*, 66, § 69.)

"By section 92, p. 68, same volume, it is declared that the term 'will,' as used in that chapter, shall include all codicils as well as wills.

"We think, therefore, under these provisions, these appellants had the right to appeal to this court from that point of the judgment of the surrogate admitting to probate the codicil of August 29, 1849."

this, the court is ever open to be approached by any petitioner whose rights or duties are affected by the litigation. The comity of States, and the long-settled practice of the court, entitle him to relief from the injunction. (Sill *a*. Worswick, 1 *H. Blackst.*, 665; Bird *a*. Caritat, 2 *Johns.*, 259; *Story's Confl Laws*, 414–421; Bank of Augusta *a*. Earle, 13 *Pet.*, 590.)

THE COURT (SUTHERLAND, P. J., INGRAHAM and LEONARD, JJ.) sustained the preliminary objection, and directed that the appeal be dismissed, with $10 costs.

---

## PETTENGILL *a*. MATHER.

*Supreme Court, First District; General Term, Nov.*, 1863.

IMPRISONED JUDGMENT-DEBTOR.—SATISFACTION-PIECE.—TENDER OF EXPENSES.

The imprisonment of a judgment-debtor under an execution against the person, and his release by consent of the plaintiff, do not operate as a satisfaction of the judgment.

A judgment-debtor demanding a satisfaction-piece, is bound to offer the instrument to be executed to the creditor, and to offer to pay the expenses of its execution.*

---

\* In McBRAIR *a*. HANSON (*Supreme Court, First District; At Chambers, Feb.*, 1863), it was *Held*, that to put parties in contempt for disobedience of a judgment requiring them to execute an instrument of a certain form, a certified copy of the judgment and a copy of the instrument proposed, should be served a reasonable time for them to examine before the peremptory demand for the execution of the instrument is made.

This case came up on a motion for attachment against two defendants for disobedience of a judgment of the court.

This action was by John McBrair against Margaret H. Hanson, James McBrair, Jr., Eliza Marshall, and six others. The judgment in the case constituted and appointed the plaintiff trustee under the will of James McBrair, deceased, and provided for the leasing of certain unimproved property belonging to the trust-estate, and ordered "that the parties having estates in remainder do join in such leases of unimproved lands;" the two defendants against whom this motion was